[Cite as *In re D.P.*, 2019-Ohio-2752.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE D.P.                                               :

                                                        :

                                                                No. 108142

                                                        :

                                                        :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:**  REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:**  July 5, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. DL17116441, DL17117881 and DL18110989

---

### *Appearances:*

Mark A. Stanton, Cuyahoga County Public Defender, and
Britta M. Barthol, Assistant Public Defender, *for appellant.*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Nora Caitlin Bryan, Assistant Prosecuting
Attorney, *for appellee.*

MARY EILEEN KILBANE, A.J.:

{¶ 1} Delinquent-appellant, D.P., appeals from the judgment of the
Cuyahoga County Common Pleas Court, Juvenile Division, ordering him to be

incarcerated in an adult facility. The state of Ohio, pursuant to Loc.App.R. 16(B), concedes the error.[1] We reverse and vacate the juvenile court's order of disposition.

{¶ 2} In October 2017, the state filed a complaint alleging that D.P., who was 17 years old, was delinquent for committing one count of criminal trespass, a felony of the fourth degree, if committed by an adult. In November 2017, the state filed a second complaint alleging that D.P., still 17 years old, was delinquent for committing one count of receiving stolen property, a felony of the fourth degree, if committed by an adult.

{¶ 3} In June 2018, while D.P. was still 17 years old, the state filed a third complaint alleging he was delinquent for committing one count of aggravated burglary, a felony of the first degree if committed by an adult. In addition, this count contained a firearm specification in violation of R.C. 2941.141(A) and 2152.17(A)(1). The alleged offense occurred in Medina County.

{¶ 4} In September 2018, in Medina County Juvenile Court, D.P. admitted to an amended count of burglary in the second degree, with the deletion of the firearm specification. The juvenile court adjudicated D.P. a delinquent and transferred the case to Cuyahoga County for disposition. In October 2018, D.P. admitted the allegations of criminal trespass and of receiving stolen property. The

---

[1] Loc.App.R. 16(B) provides: Notice of Conceded Error. When a party concedes an error that is dispositive of the entire appeal, the party conceding the error shall file a separate notice of conceded error either in lieu of or in addition to their responsive brief. Once all briefing is completed, the appeal will be randomly assigned to a merit panel for review. The appeal will be considered submitted on the briefs unless the assigned panel sets an oral argument date.

juvenile court adjudicated D.P. a delinquent and continued the matter for disposition.

{¶ 5} In December 2018, D.P., who had now attained the age of 18, appeared for disposition. The juvenile court imposed a jail sentence of ninety days and a fine of fifty dollars for the charge of criminal trespass. The juvenile court also imposed a jail sentence of six months for receiving stolen property. The sentences for criminal trespass and receiving stolen property were to be served concurrently.

{¶ 6} In addition, the juvenile court imposed a jail sentence of twelve months for aggravated burglary and ordered D.P. to pay restitution of $1,000. The juvenile court ordered this sentence served consecutively to the sentences imposed for criminal trespass and receiving stolen property, for an aggregate jail sentence of eighteen months. Further, the juvenile court ordered that D.P. serve the sentences in the Cuyahoga County Jail.

{¶ 7} D.P. now appeals and assigns the following error for our review:

### Assignment of Error

The trial court erred when it ordered the delinquent child to be incarcerated in an adult facility.

{¶ 8} R.C. 2152.19(A) provides in pertinent part as follows:

If a child is adjudicated a delinquent child, the court may make any of the following orders of disposition, in addition to any other disposition authorized or required by this chapter:

* * *

(2) Commit the child to the temporary custody of any school, camp, institution, or other facility operated for the care of delinquent children by the county, by a district organized under section 2152.41 or 2151.65

of the Revised Code, or by a private agency or organization, within or without the state, that is authorized and qualified to provide the care, treatment, or placement required, including, but not limited to, a school, camp, or facility operated under section 2151.65 of the Revised Code;

(3) Place the child in a detention facility or district detention facility operated under section 2152.41 of the Revised Code, for up to ninety days;

* * *

(8) Make any further disposition that the court finds proper, except that the child shall not be placed in a state correctional institution, a county, multicounty, or municipal jail or workhouse, or another place in which an adult convicted of a crime, under arrest, or charged with a crime is held.

{¶ 9} Under R.C. 2152.19(A), a juvenile court shall not place a child adjudicated a delinquent in a state correctional institution or in any facility in which an adult convicted of a crime, under arrest, or charged with a crime is being held. Because the juvenile court adjudicated D.P. a delinquent, who was 17 years old at the times of the charged offenses, it was not permissible to commit him to an adult correctional facility.

{¶ 10} Accordingly, the sole assignment of error is sustained. We reverse and remand for disposition in accordance with R.C. 2152.19(A). D.P. is to be immediately released from the adult facility and transferred to a facility operated for the care of delinquent children.

{¶ 11} Judgment reversed.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the juvenile

court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.


_____

MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

EILEEN T. GALLAGHER, J., and
EILEEN A. GALALGHER, J., CONCUR